IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN STRANGE, #235987                 *
        Plaintiff,
     v.                                     *    CIVIL ACTION NO. AW-07-2035

WARDEN ROBERT KOPPEL         *
        Defendant.             *****

**MEMORANDUM**

On July 30, 2007, the Court received a Complaint from Jessup Correctional Institution ("JCI") inmate John Strange alleging violation of his Eighth Amendment right to safety. Plaintiff seeks injunctive relief, asking the Court to reverse Defendant's decision to remove Plaintiff from protective custody and place him in JCI general population in light of "the risk and the threats to my safety." Paper No. 1.

The matter was construed as a 42 U.S.C. § 1983 complaint for injunctive relief and on August 9, 2007, the Office of the Maryland Attorney General was ordered to file an immediate response to the Complaint to show cause why Plaintiff should not be removed from protective custody. Paper No. 2. Defendant's response, received on August 29, 2007, was construed as a dispositive filing and on September 11, 2007, Plaintiff was granted twenty days to file an opposition. Paper Nos. 5 & 6. Plaintiff's response was received for filing on September 17, 2007. Paper No. 7. The matter is ripe for consideration. For reasons to follow, injunctive relief shall be denied and the Complaint shall be dismissed without hearing.

Plaintiff claims that he has been held in protective custody for ten years due to being assaulted by two inmates, one of whom is housed at JCI. He also seemingly contends that he cannot

be removed off of protective custody because he carries the "stigma" or label associated with being a long-term protective custody inmate.

Defendant Koppel offers the following verified record information. In March of 1997, Plaintiff was attacked by inmate Darnell Dunston in an "isolated incident." Dunston was found guilty of a rule infraction and was sanctioned with 250 days segregation. Plaintiff was considered for protective custody but voluntarily rejected the same and was approved for general population. Paper No. 4. In April of 2007, however, Plaintiff complained to prison authorities that he felt threatened because he had provided the name of the inmate who stabbed him and other inmates approached him about it. *Id*. He asserted that unknown inmates had told him "you got it coming." *Id*. Plaintiff was placed on protective custody at his own request and has remained so confined until 2007, when JCI classification personnel concluded that as Plaintiff has no enemies at JCI there was no justification for him to remain on protective custody.

Defendant maintains that the only record of a stabbing concerns the March 1997 incident and only Darnell Dunston was named as Plaintiff's assailant. He claims that Plaintiff is not entitled to injunctive relief because Dunston, who is on Plaintiff's enemies' list, is not confined at JCI.[1] Defendant contends there appears no justification for Plaintiff to remain on protective custody.

In his response Plaintiff that in 1997, he only came to learn his assailants' names through other inmates. Paper No. 7. He questions the reference to the assault as an "isolated incident" and maintains that he only went into general population in March of 2007 because prison authorities told him to do so. *Id*. Plaintiff appears to claim that any reliance on the prison administration's security and safety expertise is misplaced, noting a recent incident wherein the JCI administration placed two

---

[1] Plaintiff's OBSCIS enemies' list indicates that Dunston was moved in March of 2007. The Maryland Department of Public Safety and Correctional Services Inmate Locator confirms that Dunston is not confined at JCI.

inmates who were involved in a fight back on the same tier on protective custody. *Id*. For the first time Plaintiff mentions that he has "been threatened since being on protective custody but the administration failed to note those threats." *Id*.

The Complaint before this Court only seeks injunctive relief. *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977) holds that injunctive relief may only be granted if Plaintiff can demonstrate: (1) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (2) the likelihood that Defendant will not be harmed if the requested relief is granted; (3) the likelihood Plaintiff will succeed on the merits; and (4) that the public interest will be served if the injunction is granted.[2] *See Id*. at 195-96.

The failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny injunctive relief. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.)  The required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).

Plaintiff was assaulted in March of 1997 and subsequently placed on protective custody. The record shows that his assailant, who is named on Plaintiff's OBSCIS enemies list, is no longer confined at JCI. Plaintiff seemingly indicates that another inmate was involved in the assault. He does not name that inmate.  In addition, he claims that in April of 1997, other inmates threatened

---

[2] It is the Warden's contention that the standard under *Blackwelder* cannot be applied in this case. The Court finds this argument without merit. *See, e.g.*, *Wetzel v. Edwards*, 635 F.2d 283, 287 (4th Cir. 1980); *Evans v. Saar*, 412 F.Supp.2d 519, 523-24 (D. Md. 2006). Furthermore, the cases cited by Defendant, *Yakus v. United States*, 321 U.S. 414 (1944), and *Virginia Surface Mining and Reclamation Assoc., Inc. v. Andrus*, 604 F.2d 312 (4th Cir. 1979), do not stand for the propositions cited by Defendant and, in any event, are plainly inapposite to the instant case. The legal standard governing this case is established by *Blackwelder*.

him for "snitching" on his assailant. Plaintiff does not name those individuals.[3]  In addition, he now raises an eleventh-hour claim that he has been threatened since his placement on protective custody. Plaintiff has, however, been on protective custody for ten years.  He does not specify when these alleged threats occurred, the nature of the threats, who made such threats, or whether these unnamed individuals remain housed at JCI.  Further, Plaintiff fails to indicate which JCI officers or administrators were told of these threats.

The Court has been provided records illustrating why Plaintiff was originally placed on protective custody in 1997, and the rationale for recommending his removal from same ten years later.  The Court understands that prison environments do not necessarily lend themselves to easy identification of possible assailants or enemies.  Nonetheless, given the standard of review in this circuit, injunctive relief cannot be granted on generalized and non-specific claims of threats of harm. Here, Plaintiff raises no particularized allegations demonstrating that he will be subject to real or imminent harm should he not receive the relief he seeks.  Consequently, injunctive relief shall be denied and the Complaint shall be dismissed by separate order.


Date: <u>October 15, 2007</u>                    _____/s/_____
                                                 Alexander Williams Jr.
                                                 United States District Judge

---

[3]     An April 1997 case management assignment sheet which recommended Plaintiff's assignment to protective custody contains a notation that Plaintiff "claims Timothy Poole threatened him." Paper No. 4.  Inmate Locator records show that Poole is not confined at JCI.